FILED

05/13/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0403

DA 24-0403

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 103N

IN RE THE MARRIAGE OF:

JON KURTIS OBLINGER,

     Petitioner and Appellant,

  and

LORA JEAN OSTER,

     Respondent and Appellee.

APPEAL FROM:   District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DR-24-51
                Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Jon Kurtis Oblinger, Self Represented, Kalispell, Montana

     For Appellee:

     Marybeth M. Sampsel, Measure Law, PC, Kalispell, Montana

                    Submitted on Briefs:  April 23, 2025

                             Decided:  May 13, 2025

Filed:

_____
                Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jon Kurtis Oblinger (Oblinger) appeals an order of the Eleventh Judicial District Court, Flathead County, dismissing his petition for dissolution of marriage on the basis that he failed to establish a common law marriage with Lora Jean Oster (Oster). He asserts nine issues having to do generally with whether the District Court erred in its findings of fact and conclusions of law. We affirm.

¶3 Oblinger and Oster met in Colorado around 2010 and moved to Montana in 2018 after Oster purchased a home in her name using her inherited funds. Oblinger filed a petition for dissolution of marriage in January 2024. Oster both responded and moved to dismiss the petition, maintaining that no common law marriage existed between the parties. After an evidentiary hearing, the District Court concluded that the evidence did not support the finding of a common law marriage. The District Court considered the parties' tax, banking, health insurance, vehicle insurance, and vehicle title records to the extent they were provided ahead of the hearing, wherein Oster consistently identified herself as single. The only evidence offered in which Oster represented that she was married to Oblinger was a will and estate planning documents executed by a law firm in 2022; an email to a

county attorney in 2019 written after a domestic violence incident and requesting that the county drop charges; an email to a moving company in 2018; and a petition for a temporary order of protection where Oster indicated her status as previously married and currently separated.

¶4     Comparing this case to this Court's foundational common law marriage case law in *In re Estate of Murnion*, 212 Mont. 107, 686 P.2d 893 (1984); *In re Estate of Alcorn*, 263 Mont. 353, 868 P.2d 629 (1994); and *In re Estate of Hunsaker*, 1998 MT 279, 291 Mont. 412, 968 P.2d 281, the District Court summarized:

> There is no evidence of a custom wedding ring, let alone a wedding ring itself, only evidence of *various* engagement rings; no evidence of home décor or appliances with a matrimonial tilt; no evidence outside the Last Will and Testament and passing conversation that [Oster] agreed she was married to [Oblinger]; no evidence that [Oster] ever used [Oblinger]'s last name; no evidence of a planned marriage; no evidence that they spent all of their free time together, that they hosted people regularly at their home, or that either party's family believed they were married; no evidence flowing from joint insurance, banking, healthcare, or utility accounts; and no evidence that [Oblinger] devoted himself to [Oster] in any capacity of merit.

(Emphasis in original.)

¶5     On appeal, Oblinger asserts that the District Court erred by (1) not recognizing the marriage under Colorado law, since the parties met and spent the majority of their relationship in Colorado; (2) not considering shared vehicle title information entered in a separate justice court matter; (3) not considering specific banking transactions that were allegedly intended for mortgage payments and bills; (4) stating that Oblinger's sole source of income was social security payments; (5) finding that Oster's testimony was credible; (6) not considering that Oblinger was recognized as Oster's spouse in a separate district

3

court proceeding not having to do with the parties' legal relationship status; (7) not considering one email where Oster referred to her property as "our home" and Oblinger as "my husband"; (8) not recognizing that Oblinger allegedly assumed Oster's last name as shown by several invoices; and (9) allegedly finding that Oster was not capable of consenting to a common law marriage due to Oblinger's history of domestic violence.

¶6     We review a district court's findings of fact to determine whether they are clearly erroneous. *In re Marriage of Hansen*, 2019 MT 284, ¶ 12, 398 Mont. 64, 453 P.3d 1210 (citing *In re Est. of Alcorn*, 263 Mont. at 355, 868 P.2d at 630). We review a district court's conclusions of law for correctness. *In re Marriage of Hansen*, ¶ 12.

¶7     The District Court's findings of fact are not clearly erroneous. As a starting point, several of Oblinger's asserted errors are misstatements of the District Court's findings. The District Court made no finding of Oster's inability to consent due to domestic violence; to the contrary, it found "no evidence establishing the parties were *incompetent* to enter into a marriage." (Emphasis added.) Likewise, the District Court did not find that "[Oblinger] states his sole source of income was SSI payments," rather, it found that Oster maintained the Colorado home "with her own funds while [Oblinger] collected social security benefits."

¶8     With respect to Oblinger's argument that the District Court should not have found Oster to be a credible witness, this determination was soundly within the District Court's discretion. "[J]udgments regarding the credibility of witnesses and the weight to be given their testimony are within the province of the District Court and we will not substitute our

4

judgment for its determinations." *In re Marriage of Tummarello*, 2012 MT 18, ¶ 34, 363 Mont. 387, 270 P.3d 28 (citing *In re Marriage of Meeks*, 276 Mont. 237, 247, 915 P.2d 831, 837-38 (1996)).

¶9     Regarding issue (7) and issue (8), it appears that an email between Oster and a deputy county attorney was admitted as part of the hearing, as well as several receipts that referred to the parties collectively as Jon and Lora Oster. However, the District Court had discretion to decide the persuasive weight of these documents, and there is no evidence to suggest they were not properly considered. The rest of Oblinger's asserted factual errors turn on evidence outside the record of this case. These vehicle titles, photos, and bank records were not admitted into evidence in the pertinent proceeding and will not be considered by this Court for the first time on appeal.

¶10     Turning to the District Court's conclusions of law, it did not err in finding that Oblinger failed to carry his burden in proving mutual consent between the parties and therefore that no common law marriage existed. Oblinger was required to show, by a preponderance of the evidence, that the parties (1) were competent to enter into a marriage; (2) assumed a marital relationship by mutual consent and agreement; and (3) confirmed their marriage by cohabitation and public repute. *In re Marriage of Hansen*, ¶ 13 (citing *In re Est. of Hunsaker*, ¶ 32). Oblinger did not show mutual consent by a preponderance of the evidence. While Oblinger presented the will and a few other documents that indirectly supported his argument, there was plentiful evidence to the contrary, including testimony from Oster that she explicitly rejected Oblinger's repeated proposals. Besides

5

the will, Oster testified that other documents where she described Oblinger as her husband or the property as shared were either made by mistake or outside of her control. The District Court did not err in concluding that Oster did not consent to marry Oblinger.

¶11 Affirmed.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ LAURIE McKINNON

We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M BIDEGARAY
/S/ BETH BAKER
/S/ JIM RICE

6